## A THREE CORNERED SUIT—TOO COMPLICATED FOR A JURY.

Circuit Court of Cuyahoga County.

THE DARLINGTON BRICK & MINING COMPANY v. BERNARD
SCHATZINGER ET AL.

Decided, February, 1905.

*Equity Jurisdiction—Inadequacy of Legal Remedies.*

Where A orders merchandise of B who has already sold his entire
stock to C, and B assigns the order to C who assumes and fills it
upon the guaranty of B that he will pay the freight and drayage,
which is done, and A refuses to pay for the goods; in an action
by C for the purchase price in which A and B are made defend-
ants, B files a cross-petition asking for judgment against A for the
amount of the freight and drayage, and A files a cross-petition
asking judgment against B for breach of contract, the rights of
parties are so involved as to make a jury trial impossible.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

Motions filed in these cases practically amount to an applica-
tion for rehearing of an error case growing out of the same liti-
gation in which we held that the defendant Schatzinger, was
properly denied a jury in the court below.

Whether or not we were right in such ruling is a close ques-
tion, but we have decided to adhere to it.

There is no question that only under the principles of equity
jurisdiction could the plaintiff maintain an action against the
defendant Schatzinger, on the claim set up in the petition. *Rail-
way Co.* v. *Volkert*, 58 O. S., 362.

But, it is said, that although this case involves the application
of principles which are of equitable origin and nature, the action
is for money only, not requiring a decree granting some mode of
equitable relief, and therefore the defendant Schatzinger was
entitled to a jury in the common pleas court. *Lange* v. *Lange*,
69 O. S., 346.

We have come to the conclusion, however, that this was not
an action for money only; that the pleadings presented such a

three cornered law-suit that it could not possibly have been tried to a jury; that the rules governing jury trials would have prevented the working out of the equities which we conceive underlie this law-suit.

There is no question that whether a case is to be tried to a jury or by the court does not depend upon the principles upon which relief is asked, but upon the nature and character of the relief sought. *Gunsaullus, Admr.,* v. *Pettit, Admr.,* 46 O. S., 27.

How stood the pleadings when the case came on for trial? Plaintiff, by partial assignment from the defendant coal company, claimed due him from defendant Schatzinger the sum of $2,100 under a contract between Schatzinger and the coal company which plaintiff claimed to have carried out in part. Plaintiff also claimed to recover the same amount from the defendant coal company under an entirely different contract between plaintiff and it, if plaintiff failed to recover of defendant Schatzinger.

The defendant coal company claimed to recover $670 of Schatzinger under its contract with him.

Defendant Schatzinger denied the right of either plaintiff or the coal company to recover from him, and cross-petitioned, asked judgment against the coal company for $2,500 damages, for breach of its contract with him. He had no contract with the plaintiff.

Suppose under these pleadings the proof had shown Schatzinger entitled on his cross-petition to judgment against the coal company for, say $1,000 damages.

Then could a jury say that plaintiff should have judgment against Schatzinger for $1,770 and against the coal company for $330? How about the contract between plaintiff and the coal company? Had plaintiff so carried out the contract as to entitle him to such judgment?

We take it that such adjustment of the equities arising from separate and independent contracts could only be arranged by a chancellor. The machinery of a jury trial could not work it out. Indeed, had the action been triable to a jury, the demurrer that separate causes of action against several defendants were improperly joined should have been sustained. That ground of

demurrer, as provided by Section 5061-8, is applicable particular-ly to the trial of jury cases.   It was not applicable to the case at bar, if tried to the court, because all the parties in any way involved were properly before the court for a final determination, in one suit, of the entire controversy, and the settlement, upon equitable principles, of the rights and obligations of all.   And so, said demurrer was properly overruled.

As said by Judge Shauck in the case of *Bricker* v. *Elliott*, 55 O. S., 577, 580, a prolific source of equitable jurisdiction is the inadequacy of legal remedies, and upon that ground we base our conclusion that the case at bar was appealable.

Motions overruled.